## WALKER *v.* WILSON.

*(Supreme Court, General Term, Third Department. July 2, 1888.)*

MASTER AND SERVANT—NEGLIGENCE OF SERVANT—PROOF OF RELATION.

In an action for personal injuries, it appeared that, while plaintiff was driving along a road in front of defendant's house, his cart was upset by striking some frozen "chunks" of shavings removed from defendant's house, where they had been used as banking, and placed in the street by defendant's son, whereby plaintiff was injured. A day or two before the accident, defendant was notified that the "chunks" might be dangerous, and replied that they would soon thaw out, when he would scatter them. Defendant's son had at one time engaged a workman to repair defendant's house, for which defendant paid, and on the occasion the son had carried mortar and brick; but there was no evidence that he was a servant of defendant. It was not shown that defendant told his son to remove the banking, or saw him doing it, or knew where the "chunks" came from when he spoke of their thawing out, or that there was not similar banking around neighboring houses. *Held*, that plaintiff was properly nonsuited.

Appeal from circuit court.

Action for personal injuries brought by Moses Walker against William C. Wilson. Judgment for defendant, and plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.
*George H. Beckwith,* for appellant. *R. Corbin,* for respondent.

LEARNED, P. J. In April, 1885, the plaintiff, in the evening, drove, with his horse and cart, up a somewhat steep road in front of the house where defendant lived. One of the wheels struck some "chunks" of what he calls "banking," or frozen shavings, and the cart was upset, and he was injured. He brought this action against the defendant, and on the trial was nonsuited, principally, it would seem, on the ground that the defendant was not responsible for this obstruction in the road. The facts, so far as they are material, are as follows: The defendant's son, Ira, lived with his father. A short time before the accident happened, Ira one day removed the banking from around defendant's house, and wheeled it into the road. It was frozen, and in "chunks" 13 to 20 inches thick. A day or two before the accident, a person passing said to defendant that those things might be dangerous there; to which defendant replied: "They will thaw out in a few days, and we will scatter them about." It is proved that on one occasion Ira went to a workman, and engaged him to do some repairing on this house where defendant lived, for which defendant paid. On that occasion, Ira carried the brick and mortar. So, perhaps, the testimony means, though it is doubtful. It is in these words: "Did Mr. Wilson inform you who would carry your mortar and brick? No, sir; he didn't say anything. Who did? Ira." There is no evidence as to the age of Ira. The fact that Ira, on the occasion mentioned, went for a workman to do repairs on the house where defendant lived, shows only that he was a messenger at that time. It would hardly show that Ira was in the defendant's employment as a servant. And, if Ira carried the bricks and mortar, that may have been a merely voluntary act, or the workman may have paid him. Defendant did not tell the workman that Ira would do so. It is not in evidence that defendant told Ira to remove the banking, or that he saw him doing it, or knew anything about it. The casual remark that the things would thaw out in a few days, and that they would scatter them, is consistent with defendant's ignorance of the place where the frozen shavings or "chunks" came from. It would be a natural remark in regard to any frozen lumps lying in the street, whether they came from defendant's house or elsewhere; and hence the remark does not show that defendant knew that Ira had wheeled these frozen shavings out, and had put them in the street. The witness who made the remark says that he does not know where this banking (that is, the frozen shavings) came from; and, if defendant expressed a willingness to scatter the shavings about when they were thawed out, that does not show that he had caused them to be put there, or knew whence they came.

One may be responsible for the acts of a servant in the line of his employment; but there must be proof showing that the person who did the act was the servant of the person charged. The plaintiff says that this action is not based on defendant's negligence, but on his wrongful act. Then it should not be left to the jury to guess that the defendant must have told Ira to remove the banking, or to guess that defendant must have seen and known of the placing the banking in the street, and must have known that it came from his house. There appears to have been a house on each side of defendant's. It does not appear that there was not similar banking around those houses. There was no proof of anything done by Ira, prior to the removing of the banking, which tended to show that he was a servant of the defendant, for whose acts defendant would be liable; and it is not shown that that removal was by defendant's direction. We think the judgment should be affirmed, with costs.

LANDON and INGALLS, JJ., concur.